**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 6:07-CR-79** |
| | § | |
| **KENNETH WAYNE NICHOLSON** | § | |

<u>**REPORT AND RECOMMENDATION OF**</u>
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

On November 6, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Kenneth Wayne Nicholson. The government was represented by Mary Ann Cozby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Defendant originally pleaded guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a class C felony. The offense carried a statutory maximum imprisonment term of twenty years. The United States Sentencing Guideline range, based on a total offense level of 15 and a criminal history category of III, was 24 to 30 months. On January 18, 2008, U.S. District Leonard Davis sentenced Defendant to 12 months and one day imprisonment and three years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug testing and treatment. On October 6, 2008, Defendant completed the term of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited, in relevant part, purchasing, possessing or using any controlled substance, except as prescribed by a physician, and failing to report to the probation officer and submitting a truthful and complete written report with the first five days of each month. In addition, Defendant was required to participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office,

until released from the program by the probation officer. In its petition, the government alleges that Defendant violated his conditions of supervised release by: failing to report to the probation officer as instructed by letter on August 12, 2009; failing to provide a monthly supervision report for the month of September 2009; and failing to provide a urine specimen as required by the random drug testing program on: May 13, 2009; June 4, 2009; June 10, 2009; July 1, 2009; July 6, 2009; August 3, 2009; and August 7, 2009.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than 24 months of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by failing to provide a monthly supervision report and failing to provide a urine specimen as required by the random drug testing program would constitute a Grade C violation, for which the Court may revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating conditions of supervision by: failing to report to the probation officer as instructed by letter on August 12, 2009; failing to provide a monthly supervision report for the month of September 2009; and failing to provide a urine specimen as required by the random drug testing program on: May 13, 2009; June 4, 2009; June 10, 2009; July 1, 2009; July 6, 2009; August 3, 2009; and August 7, 2009. In exchange, the government agreed to recommend that Defendant serve 8 months with no additional supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court

**RECOMMENDS** that Defendant, Kenneth Wayne Nicholson, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 8 months with no supervised release to follow. The Court **RECOMMENDS** that the place of confinement be at the Federal Medical Center Carswell in Fort Worth, Texas or other suitable medical center.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 6th day of November, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE